# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:18-CR-64-HAB |
| SHEA SMITH, | ) | |
| Defendant. | ) | |

## OPINION

This matter comes before the Court on Defendant's Plea Agreement (ECF No. 28) calling for a term of imprisonment of 60 months, which would be binding on the Court under Federal Rule of Criminal Procedure 11(c)(1)(C) if the Plea Agreement was accepted. The Court held a sentencing hearing on October 28, 2019, which included extended discussion on the binding term. For the reasons set forth below, and for the reasons announced on the record, the Court rejected the Plea Agreement. After Defendant elected to go forward with sentencing following the rejection, the Court sentenced Defendant to a term of 78 months imprisonment. This Opinion memorializes the grounds for the Court's decision.

### I. FACTUAL BACKGROUND

On August 20, 2016, a covert FBI agent investigating online child pornography directed his investigation to an IP address later identified as belonging to Defendant. Over the course of approximately twelve hours the agent was able to download 99 files from Defendant's computer using BitTorrent software. These files included videos of nude minor females between the ages of nine and twelve years old engaged in sexually explicit conduct.

Federal agents executed search warrants at Defendant's home and business address on August 29, 2017. As a result of those searches, the Government recovered six hard drives containing child pornography. The electronic devices at Defendant's home contained 1,487 images and 128 videos, while the devices at Defendant's business contained 1,834 images and 427 videos. In total, Defendant possessed 3,321 images and 555 videos. The images and videos contained, among other things, depictions of: prepubescent minors or minors who had not attained the age of twelve years, to include toddlers, intercourse (anal and vaginal) with adults, penetration involving foreign objects, and bondage. Defendant received these items between July 2014 and July 2017.

## II. LEGAL ANALYSIS

A. *Binding Plea Standard of Review*

A criminal defendant has "no absolute right to have a guilty plea accepted." *Santobello v. New York*, 404 U.S. 257, 262 (1971) (citations omitted). Rather, a district court has the sound discretion to reject a plea agreement "if it [finds] the agreement would undermine the sentencing guidelines or [would] not adequately take into account the defendant's relevant conduct." *United States v. Martin*, 287 F.3d 609, 624 (7th Cir. 2002).

When a plea agreement contains a "specific sentence or sentencing range" under Rule 11(c)(1)(C), a district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the [PSR]." Fed. R. Crim. P. 11(c)(3)(A). If a district court rejects such a plea agreement, it "must explain why it finds the agreement objectionable." *United States v. Kraus*, 137 F.3d 447, 453 (7th Cir. 1998). But the district court must limit its comments to the plea agreement itself; the district court's "license to speak about what it finds acceptable and unacceptable—to suggest an appropriate sentencing range—is at an end." *Id*. at 453–54 (citations omitted). In other words, the district court is precluded from opining on hypothetical plea deals and participating in

plea negotiations. Fed. R. Crim. P. 11(c)(1); *Kraus*, 137 F.3d at 452 (citations omitted) (cataloging cases).

B.   *Calculation of the Guideline Sentence*

The first step for a district court in determining an appropriate sentence is to calculate the applicable Guideline range. U.S.S.G. § 1B1.1; *United States v. LaShay*, 417 F.3d 715, 719 (7th Cir. 2005). Here, Defendant's base offense level is 22 under USSG § 2G2.2(a)(2). Defendant's offense level was increased pursuant to the following Guideline provisions:

- Two levels for material involving a prepubescent minor or a minor who had not attained the age of twelve years (USSG § 2G2.2(b)(2));
- Four levels for material that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4)(A) and (B));
- Two levels for use of a computer (USSG § 2G2.2(b)(6)); and
- Five levels for 600 or more images (USSG § 2G2.2(7)(D)).

Defendant received a two-level decrease under USSG § 3E1.1(a) for acceptance of responsibility. In total, Defendant's offense level is 33. Defendant had no criminal history points, resulting in a criminal history category of I. Taken together, the Guideline imprisonment range is 135 to 168 months. The binding plea, then, amounts to a downward variance of approximately eight levels.

C.   *Sentencing in Child Pornography Cases*

Very few federal crimes engender as much debate and disparity in sentencing as child pornography offenses. Largely due to Congressional action, penalties for child pornography offenses have steadily risen, both in the base offense level assigned and the applicable sentencing enhancements. At the same time, both the sentencing commission and the federal judiciary have

3

pushed back, largely rejecting the ever-increasing sentences called for by legislation. These ongoing debates bear directly on the Court's analysis regarding an appropriate sentence in this case, and therefore will be discussed herein.

1.  Historical Trends in Sentencing

While child pornography laws were once the exclusive domain of state legislatures, the trend over the last forty years has been to criminalize more acts with ever-longer sentences. The first federal statute to address the issue was the Protection of Children Against Sexual Exploitation Act of 1977[1]. This legislation targeted the commercial production of visual and print depictions of obscenity involving minors, then defined as children under sixteen. The Child Protection Act of 1984[2] followed, which deleted the obscenity requirement to criminalize the production and distribution of depictions of minors engaged in sexually explicit conduct. The statute also raised the age of minority from sixteen to eighteen. A few years later, the Child Protection and Obscenity Enforcement Act of 1988[3] specifically prohibited the use of a computer to transport, distribute, or receive visual depictions of minors engaged in sexually explicit conduct. As part of the Crime Control Act of 1990[4] simple possession of child pornography was, for the first time, criminalized under federal law.

The increase in federal legislation was accompanied by an increase in the sentences provided by the Sentencing Guidelines. As part of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Act of 2003[5] (the "PROTECT Act"), Congress directly modified the Guidelines for child pornography offenses by increasing base offense levels and adding

---

[1] Codified as amended at 18 U.S.C. §§ 2251–2253.
[2] Codified as amended at 18 U.S.C. § 2253.
[3] Codified as amended at 18 U.S.C. §§ 2251, 2252(a)(1).
[4] Codified as amended at 18 U.S.C. § 1460
[5] Codified as amended at 18 U.S.C. § 2252A(a)(3)

4

enhancement provisions. Among the enhancement provisions that have been added are many of the enhancements that apply to Defendant: use of a computer; material involving a minor less than twelve years of age; material depicting sadistic or masochistic conduct or depictions of violence, and graduated enhancements for the number of images.

The impact of these changes on offenders has been dramatic. The Guideline range for a common offender with no criminal history and credit for acceptance of responsibility has risen from no punishment if sentenced on April 30, 1987 (as possession was not then a federal offense), to a range of six to twelve months on November 1, 1991, twenty-one to twenty-seven months on November 1, 1996, and finally, forty-one to fifty-one months on November 1, 2004.[6] Incarceration rates rose from 77% of child pornography offenders in 1996, to 97% in 2006.[7] The mean sentence for possession, receipt, or distribution of child pornography rose from 20.59 months in 1997 to 91.82 in 2008.[8]

The remarkable increase in the length of sentences is largely the result of the application of the enhancement provisions. In a 2010 report, the Sentencing Commission found that a least one enhancement applied in *every* child pornography case and several enhancements appeared in the vast majority of cases: 97% for use of a computer; 97% for number of images; 95% for a child under twelve years; and 73% for a violent theme.[9] The enhancements in USSG § 2G2.2 have become less "specific offense characteristics," and more a standard part of the offense generally.

---

[6] Melissa Hamilton, *The Efficacy of Severe Child Pornography Sentencing: Empirical Validity or Political Rhetoric?*, 22 Stan. L. & Pol'y Rev. 545, 557 (2011)
[7] *Id.*
[8] *Id.*
[9] *U.S. Sentencing Comm'n, Use of Guidelines and Specific Offense Characteristics Fiscal Year 2009*, at 36–37 (2010)

2. <u>Modern Judicial Approach</u>

While far from uniform, the majority approach by federal courts to the ever-increasing Guideline ranges for child pornography defendants has been to use their sentencing authority to grant downward variances from the Guidelines. Whether the variances are based on the individual characteristics of the defendants, the collateral consequences of pornography charges, an evaluation of moral culpability, policy disagreements, or skepticism over the empirical bases for the Guidelines[10], federal district courts have largely rejected the notion that the Guidelines reflect appropriate sentences in child pornography cases.

Sentencing data from 2018 bears this out. Nationally, sentences for all crimes were within the Guideline range in 51% of cases, with variances in 25% of cases.[11] For child pornography cases, only 28.5% of defendants were sentenced within the Guideline range, with 62.7% receiving a downward variance.[12] In the Seventh Circuit, 37.3% of all defendants were sentenced within the Guideline range, with 42% receiving a downward variance.[13] For child pornography cases, only 25.8% of defendants were sentenced within the Guideline range, with 63.4% receiving a downward variance.[14]

This is not to say, however, that sentences for child pornography offenders have fallen. In 2018, the mean sentence nationally for such offenders was 104 months, with the median being 87 months. In this Circuit, those numbers are 99 months and 84 months, respectively.[15] Those numbers place child pornography sentences below only those sentences for kidnapping, murder, robbery, and sexual abuse, and significantly above the sentences for drug trafficking, arson, and

---

[10] *See* Hamilton at 561–72 (collecting cases)
[11] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2018/7c18.pdf
[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *Id*.

6

manslaughter, among others.[16] Even with two-thirds of defendants receiving a variance, then, average sentences for child pornography crimes in the Seventh Circuit are more than eight years.

D.   *This Court's Precedents*

The primary basis articulated by the parties for the proposed binding term in this case is the past precedents of this Court under Chief Judge Springmann in similar cases. The Government has identified eight different cases where this Court has imposed sentence under similar circumstances as those of Defendant, and in each of those this Court granted significant variances from the Guideline ranges. Those cases are:

- *U.S. v. Schinbeckler*, 1:09-CR-77 – 66 months, Guideline range of 97 to 121 months;
- *U.S. v. Brown*, 1:09-CR-117 – 60 months, Guideline range of 210 to 240 months;
- *U.S. v. Tapp*, 1:09-CR-123 – 60 months, Guideline range of 87 to 109 months;
- *U.S. v. Zapata*, 1:10-CR-40 – 60 months, Guideline range of 151 to 188 months;
- *U.S. v. Esterline*, 1:12-CR-66 – time served, Guideline range of 78 to 97 months[17];
- *U.S. v. Topp*, 1:12-CR-83 – 60 months, Guideline range of 135 to 168 months;
- *U.S. v. Ditiway*, 1:12-CR-86 – 60 months, Guideline range of 97 to 120 months;
- *U.S. v. Perry*, 1:13-CR-84 – 60 months, Guideline range of 121 to 151 months.

(ECF No. 56). Each of the foregoing cases support the idea that this Court has consistently sentenced child pornography defendants at or near the statutory minimum, where one existed.

However, the Court has found one case where this Court departed. In *United States v. Bernard Squires*, 1:09-CR-78, this Court sentenced the defendant to 151 months. Unfortunately,

---

[16] *Id.*
[17] *Esterline* is somewhat inapposite, as the defendant there was charged with a violation of 18 U.S.C. § 2252(a)(4), and therefore was not subject to a five-year mandatory minimum term.

the Court is unable to determine the exact facts of the case, given the lack of an accessible PSR and no written sentencing order. However, from the Government's sentencing memorandum it appears that Squires lived the definition of a secret life: he served as a pastor and chaplain by day but collected thousands of images and videos of child pornography by night. The 151-month sentence reflected the bottom of the applicable Guideline range.

The precedents of this Court under Chief Judge Springmann reflect a deep skepticism of the child pornography Guidelines, particularly the enhancement provisions in USSG § 2G2.2(b). With respect to the computer use enhancement, the Court has noted that the enhancement does "not distinguish between serious commercial distributors of online pornography and run-of-the-mill users." *Perry*, 1:13-CR-84, ECF No. 76 at 10. Thus, for defendants not involved in commercial distribution, this Court has found that application of the enhancement yields to a sentence that is greater than necessary to achieve 18 U.S.C. § 3553(a)'s purposes. With respect to the number of images enhancement, this Court has noted that the level distinctions "are not linked to any empirical data pertaining to sentencing and the purposes of punishment, and . . . do not provide an accurate indication of culpability." *Id*. at 11.

This Court has found the other enhancements in this case similarly flawed. The enhancement for pre-pubescent minors, this Court has noted, was applicable in 96.3% of all cases in 2010 not involving production of child pornography. Accordingly, it was nearly always part of the crime itself, and does "not indicate increased culpability for those receiving such images." *Ditiway*, 1:12-CR-86, ECF No. 65 at 13. This Court found the sado-masochistic enhancement similarly flawed, as its 74.2% application rate meant that it served to punish defendants generally as opposed to specific defendants for aggravating conduct. *Id*.

While this Court has difficulty finding error in the analysis of Chief Judge Springmann, it does not reach the conclusion that the parties reach from a review of the past precedents. Nothing in the opinions drafted in the aforementioned cases demonstrates that this Court has reflexively, and unthinkingly, applied the mandatory minimum in each and every case. While it appears true that Chief Judge Springmann was no fan of the Guidelines for child pornography offenses, and the enhancements in USSG §2G2.2(b) specifically, she took great pains to evaluate those enhancements given the characteristics of the specific offenders and the specific offenses. *See Ditiway*, 1:12-CR-86, ECF No. 65 at 13. ("[T]here is no evidence that the Defendant sought out sado-masochistic images."). Therefore, the Court concludes that nothing in the precedents of this Court demonstrate that a 60-month sentence is appropriate of *this* Defendant and *this* crime. This is particularly true given the fact the binding plea appears to have been negotiated solely on the basis of this Court's precedents and not, in any part, on the specific characteristics of this case.

E.    *This Court's Current View on the Guidelines*

For the benefit of the Government and the defense bar, the Court wishes to make it clear that, while it respects the rulings and Chief Judge Springmann and understands the effect they have had on plea negotiations in the past, it does not share the same level of skepticism for the child pornography Guidelines. Take, for instance, the computer enhancement under § 2G2.2(b)(6). While it may be true that most child pornography offenses involve a computer, it is nonetheless undeniable that the use of a computer makes the offense easier to commit. This case presents an illustrative example. Without a computer, it would have been far more difficult for Defendant to accumulate the number of images and videos he possessed, and it would have been impossible for him to passively transmit those images all over the world. The use of a computer *does* aggravate the crime regardless of how common that aggravator may be.

With respect to the enhancement for the number of images, strict application of the Guidelines may understate the culpability of some offenders. By setting the top-level enhancement at 600 images, §2G2.2(b)(7)(D) fails to distinguish between an individual in possession of 10 short videos (*see* Application Note 6(B)(ii)) and an individual who, like Defendant, possesses thousands of images and hundreds of videos across multiple media formats. While one could argue that this problem should result in less culpability for the possessor of 600 images, one could make an equally compelling argument that prolific collectors like Defendant should be punished more harshly.

To the extent that the Court is troubled by the child pornography sentencing regime, its concern is with the disparate penalties for receipt under 18 U.S.C. § 2252(a)(2), which carries a five-year mandatory minimum under §2252(b)(1) and a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2), and possession under 18 U.S.C. § 2252(a)(5), which carries no mandatory minimum under § 2252(b)(2) and a base offense level of 18 under U.S.S.G. § 2G2.2(a)(1). It is true, as the Seventh Circuit found in *United States v. Burrows*, 905 F.3d 1061, 1064 (7th Cir. 2018), that "a *possessor* of child pornography need not to have *received* child pornography." *Id.* (original emphasis); *United States v. Dunning*, 857 F.3d 342 (6th Cir. 2017). However, the only possessor who is also not a receiver is the child pornographer. *Burrows*, 905 F.3d at 1065. The Court finds it difficult to accept that the intent of 18 U.S.C. § 2252 was to put in place a significantly higher penalty for the consumers of child pornography than for the producers.

What the significant overlap between possession and receipt has created is a situation where prosecutorial discretion drives sentencing. *Burrows*, 905 F.3d at 1065. Two individuals can commit the exact same acts, one facing a term of five years to life and the other facing no more than ten years, with the only distinction being the prosecutor's charging decision. While there may

very well be circumstances that support a prosecutor's choice, the Court struggles to reconcile such a regime with the sentencing requirements of 18 U.S.C. § 3553(a).

In summary, the Court rejects the invitation in this case, or any other case, to categorically reject the application of the Sentencing Guidelines and enhancements for child pornography offenses. Rather, when there exists a factual basis to apply the relevant Guidelines they will be applied and taken into account when sentencing. *United States v. Booker*, 654 U.S. 220, 264 (2005). The Court will then impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2). This will, in many cases, result in a sentence that is above the statutory mandatory minimum. However, the determination of that sentence will turn on the facts of each case rather than philosophical differences with Congress.

### III.    EVALUATION OF SMITH'S PLEA AND SENTENCE

In reviewing the binding plea in this case, the Court has considered all the evidence submitted by Defendant in his Sentencing Memorandum as well as the information provided to the Court during the October 28, 2019, sentencing hearing, and also the information contained in the Presentence Investigation Report.

A.    *Characteristics of the Defendants*

The Court does find that mitigating factors exist in the characteristics of Defendant that support a downward variance from the Guideline range. Defendant has taken steps to address his alcohol addiction through his attendance at Alcoholics Anonymous. Since Defendant attributes his conduct in this case, at least in part, to his alcohol addiction, his ongoing treatment not only demonstrates remorse but also shows that he is taking affirmative steps to lessen his recidivism risk. *United States v. Rainey*, 404 Fed. Appx. 46, 53 (7th Cir. 2010). Defendant has a long history of employment and has financially supported his wife and child. *United States v. Mendoza*, 576

F.3d 711, 722 (7th Cir. 2009). Defendant has complied with all requirements of his electronic monitoring, which demonstrates his ability to comply with court directives. Defendant also has a limited criminal history. Finally, the Court has considered Defendant's sincere statements of remorse during the sentencing hearing.

B.   *Nature and Circumstances of the Offense*

Overall, the nature and circumstances of the offense in this case are aggravating. Defendant possessed a startling number of images: 3,321 images and 555 videos, for an adjusted image total of 44,946. This number is nearly *75 times* the number that would qualify Defendant for the highest enhancement under § 2G2.2(b)(7). Defendant also committed his crimes over an extended period, accumulating the images from July 2014 to July 2017. Finally, Defendant possessed (and presumably consumed) the offending images at home and at his place of business, demonstrating an inability to refrain from committing the charged acts during any aspect of his life.

That being said, the Court finds that this case falls into the category of cases where it is difficult to discern why Defendant should be sentenced under 18 U.S.C. § 2252(a)(2) rather than § 2252(a)(5). There is no indication in the record that Defendant undertook extraordinary steps to receive the child pornography. Like most offenders in his situation, it appears Defendant obtained and consumed the images via the internet and his personal computers. As Defendant has noted, this often means that unintended images are obtained at the same time as intended images. There is no question that Defendant possessed child pornography in large quantities, but the Court struggles to see why this fact, in and of itself, supports the significant disparity in the sentencing Guideline ranges between subsections (a)(2) and (a)(5).

C. *Balancing of the Factors*

Balancing all the considerations in this case, the Court finds that the binding term of 60 months, which is 44% of what Defendant would receive as a term of imprisonment if he were sentenced to the low end of the advisory Guideline range, is not sufficient to (1) reflect the seriousness of the crime, (2) promote respect for the law, or (3) protect the public from further crimes of the Defendant. The circumstances of this case do not involve the kind of mitigating factors, or any other justifiable reasons, that would support the agreed sentence. Even if a sentence less than 135 months was sufficient, but not greater than necessary, to comply with the purposes of punishment, 60 months is not enough.

Instead, the Court finds that the factors enumerated above support a term of imprisonment of 78 months, which reflects a five-level downward variance, or four levels if the Government had moved for an additional one level reduction for acceptance of responsibility, is sufficient but not greater than necessary to comply with the purposes of sentencing. This sentence is lower than the Guideline range, but the Court finds that it is supported by justifiable reasons when all sentencing factors, which are discussed above, are considered and weighed. The Court finds that no longer term of imprisonment is necessary to comply with the purposes of sentencing.

IV. CONCLUSION

For the foregoing reasons, the Court finds that sentence should be imposed in this case as set forth in docket entries 64 and 65, which will include a term of imprisonment of 78 months.

SO ORDERED on November 4, 2019.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT